## ROOK v. JIMESON.

1. **Agency to Sell Land:** DEFECTIVE POWER OF ATTORNEY: RATIFICATION OF SALE AND RECEIPT OF PROCEEDS: SPECIFIC PERFORMANCE. Where A. had a power of attorney from defendant, but it was not sufficiently broad to cover the sale of·land, though intended for that purpose, but it appeared from other evidence that A. had parol authority from defendant to sell the land in question as her agent, and he did sell it, and paid the proceeds to defendant, *held* that she could not avoid a specific performance on the ground that the power of attorney was defective, because she was bound by the parol authority, upon which the action for specific performance was based.

*Appeal from Henry Circuit Court.*

THURSDAY, OCTOBER 22.

THIS is an action in equity, by which plaintiff seeks to enforce the specific performance of an alleged contract for the

sale of real estate. The defendant denies that she entered into any such contract with the plaintiff. There was a trial to the court, which resulted in a decree for the defendant. Plaintiff appeals.

*Ambler & Campbell* and *D. B. Stubbs*, for appellant.

*L. G. & L. A. Palmer*, for appellee.

ROTHROCK, J.—The defendant is the widow of H. H. Jimeson, deceased. At the time of his death he was the owner of a farm of about 150 acres. All of the farm excepting about fifty acres was mortgaged to one Weir. The defendant joined with her husband in the execution of the mortgage. After the death of H. H. Jimeson the defendant went to the state of Nebraska. Joseph H. Ault, her son, was residing in Nebraska, and he returned to Henry county, and, assuming to act for her, he sold her dower interest in the land to the plaintiff, who paid him $160 therefor. Afterwards the mortgage held by Weir was foreclosed, and all that part of the land included in the mortgage was exhausted in the payment of the mortgage. This disposition of the land reduced the claim of the defendant to her dower interest in the remaining fifty acres. It is clearly shown by the proof that the plaintiff made the contract for the purchase of the land with Josesph H. Ault, and that he paid him the purchase money in full. It also appears that the defendant executed a power of attorney to Ault, authorizing him to attend to all her business pertaining to the settlement of the estate. This power of attorney did not contain any express authority to sell and convey real estate. The defendant admits in her answer that she received the $160 paid by the plaintiff, but claims that it was for her interest in the personal estate of her husband, which Ault sold to the plaintiff. The proof shows that Ault did not sell the personal estate, but that he sold the real estate.

The question of fact to be determined is, was Ault author-

ized by the plaintiff to make a contract for the sale of the defendant's interest in the real estate? Neither Joseph H. Ault nor the defendant was examined as a witness in the case. It appears from the evidence that the defendant intended to execute a power of attorney to her son which would authorize him to sell and convey the land. This power was defective. But the proof is very clear that she intended that he should sell the land. This appears plainly from her declarations to others. She received the consideration paid to her son for the land, and still retains it, without any offer to return it. She does not defend the action upon the ground that the consideration she has received is grossly inadequate. And, indeed, the proof shows that the sale could not be avoided on this ground. In our opinion the court below should have entered a decree for the plaintiff. And it is proper to observe that the plaintiff does not ground his demand for a specific performance upon the defective power of attorney; and he does not seek to explain it by parol evidence. His action is based upon the parol authority given by the defendant to her son to sell the land.

REVERSED.